UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ERIKA F. LYDAY,

          Plaintiff,

               Case No. 3:25-cv-2395-YY

     v.

               OPINION AND ORDER

KERR ROBICHAUX & CARROLL; SOCIAL
SECURITY OFFICE OF GENERAL COUNSEL,

          Defendants.


YOU, Magistrate Judge.

Plaintiff brings suit against the Social Security Administration ("SSA") claiming it has wrongfully denied her "back pay." She seeks an additional "$10,000.00 for pain and suffering." Plaintiff also names as a defendant Kerr Robichaux & Carroll, the law firm that represented her in the underlying social security proceedings. Defendants have each filed motions to dismiss. ECF 7, 10.

In her Complaint, plaintiff acknowledges that she has an appeal pending with the SSA. As the Commissioner correctly observes, plaintiff may only bring suit in this court to challenge the Commissioner's "final decision" and must first exhaust all administrative remedies. 42 U.S.C. § 405(g). Also, plaintiff is not entitled to "pain and suffering" damages arising from the SSA's alleged mishandling of her claim for "back pay." *See Johnson v. O'Malley*, No. 23-CV-

1 – OPINION AND ORDER

481 JLS (AHG), 2024 WL 2000641, at *9 (S.D. Cal. May 6, 2024) ("As the SAC's remaining claims ask the Court to evaluate the Agency's handling of Plaintiff's application for benefits, they 'arise under' the Social Security Act and must proceed through § 405(g) or not at all."); *Stansberry v. United States*, No. 4:18-CV-01563-KAW, 2018 WL 5619741, at *8 (N.D. Cal. Oct. 29, 2018) ("[T]he administration and handling, however negligent, of Plaintiff's . . . benefits undeniably 'arises under' the Social Security Act because it deals exclusively with the daily operations, legal procedures[,] and protocol of the SSA . . . ."). "Congress did not provide for such damages . . . 'for emotional distress or . . . other hardships suffered because of delays in the[] receipt of . . . benefits. *Johnson*, 2024 WL 2000641 at *9.

Regarding the law firm, plaintiff alleges no specific claim, and to the extent plaintiff intended to assert a claim for legal malpractice, she alleges only that, when she asked for copies of her documents, she received a blank disk and an email that did not contain helpful documentation. Plaintiff failed to respond to the law firm's motion to dismiss. Because plaintiff alleges no cause of action against the law firm, she has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and the case against the law firm must be dismissed as well.

Generally, when a plaintiff is proceeding *pro se*, the court must inform the plaintiff of the deficiencies in the complaint and allow the plaintiff to file an amended complaint, unless amendment would be futile. At this point, amendment would be futile as to any cause of action against the SSA because plaintiff has yet to exhaust her administrative remedies. Upon dismissal of the SSA as a defendant, all remaining parties (plaintiff and the law firm) are citizens of Oregon. Thus, to the extent plaintiff alleges a claim such as legal malpractice against the law firm, this court lacks diversity jurisdiction. However, because it remains possible that plaintiff

2 – OPINION AND ORDER

could allege a valid claim against the law firm, dismissal without prejudice is the appropriate remedy.

## ORDER

The defendants' Motions to Dismiss (ECF 7, 10) are granted and this case is dismissed without prejudice.

DATED  March 18, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – OPINION AND ORDER